UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL   'O'   JS-6

Case No.   5:23cv02455 DDP (DTBx)                                        Date: May 21, 2025

Title   *AAA Holding Group, LLC; et al. v. Antony J. Blinken; et al.*

Present: The Honorable:   DEAN D. PREGERSON, U.S. DISTRICT JUDGE

| Catherine Jeang | Not Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:
Not Present                                              Not Present

**Proceedings:**   (IN CHAMBERS) - MOTION FOR PRELIMINARY INJUNCTION AGAINST GOVERNMENT DEFENDANTS [10] (Filed February 25, 2024)

MOTION TO DISMISS [12] (Filed February 26, 2024)

Defendants' Motion to Dismiss (Dkt.12) is GRANTED. Even assuming this Court has subject matter jurisdiction, under the doctrine of consular nonreviewability, the court is "without power to review the actions of consular officials." Allen v. Milas, 896 F.3d 1094, 1100 (9th Cir. 2018) (citation omitted); see also Dep't of State v. Munoz, 602 U.S. 899, 908 (2024) ("The Judicial Branch has no role to play unless expressly authorized by law. The Immigration and Nationality Act (INA) does not authorize judicial review of a consular officer's denial of a visa; thus, as a rule, the federal courts cannot review those decisions.") (internal citation and quotation marks omitted). Plaintiff's opposition identifies no constitutional right that might qualify for an exception to the doctrine of consular nonreviewability. See Munoz, 602 U.S. at 908; Allen, 896 F.3d at 1106. Although the doctrine of consular nonreviewability may not apply where a visa application remains in administrative limbo, that does not appear to be the case here. Compare Maadarani v. Mayorkas, No. 2:24-CV-1325 DC SCR (PS), 2024 WL 4674703, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL       'O'      JS-6

Case No.  5:23cv02455 DDP (DTBx)                                      Date: May 21, 2025

Title    _AAA Holding Group, LLC; et al. v. Antony J. Blinken; et al._

\*6 (E.D. Cal. Oct. 31, 2024).  Here, although the embassy did at one point suggest that Mr. Selman's application might still be in administrative processing, any additional processing concluded by April 3, and Mr. Selman was notified of such.  Plaintiff's suggestion that there was nevertheless no "final" action because USCIS might "reactivate" the petition is not persuasive.  Plaintiff provides no case authority for this argument, citing only the Foreign Affairs Manual's requirement that a decision be rendered when an application is "reactivated."  Even that manual, however, suggests that the applicant bears the burden to present new evidence to "reactivate" an application following a refusal.  See 9 FAM 403.10-4(U) OVERCOMING OR WAIVING REFUSALS.  Accordingly, Plaintiff's Complaint is DISMISSED.  Plaintiff's Motion for Preliminary Injunction (Dkt. 10) is VACATED as moot.  Nothing in this Minute Order shall be construed to prevent the government from reevaluating or granting the visa application, or any subsequent application filed by or on behalf of Mr. Selman.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | CMJ |